**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

SAMARA L. A. SIMMONS,

     Plaintiff,

        v.

ANTONY J. BLINKEN, SECRETARY,
U.S. DEPARTMENT OF STATE,

     Defendant.

---

Civil Action No. 23-3011 (JEB)

<u>**MEMORANDUM OPINION**</u>

     Plaintiff Samara L. A. Simmons is a Foreign Service Officer who has worked at the State Department for the past decade.  After enduring what she describes as a series of discriminatory and retaliatory acts, she filed a grievance with the Department in 2018.  She eventually reached an agreement with State that allowed her to obtain certain remedies.  When she felt that those remedies were not provided, however, she elevated her claim to the Foreign Service Governance Board.  On September 16, 2022, she received a decision from the Board dismissing her grievance.  Simmons then filed a motion for reconsideration, but the Board denied that motion in an order issued on April 12, 2023.

     Simmons then brought this suit against Secretary Antony J. Blinken under the Administrative Procedure Act, 5 U.S.C. § 551, *et seq*., and the Foreign Service Act, 22 U.S.C. § 4140, asserting that the Board erred in multiple ways.  She requests a declaratory judgment, mandamus, and injunctive relief for violations of the APA and the FSA, as well as her Fifth Amendment due-process rights.  Defendant now moves to dismiss, contending that this Court

lacks jurisdiction over most of Plaintiff's claims and that any others are time barred.  As State is correct, the Court will grant its Motion.

## I.      Background

The Court draws on the facts as pled in the Complaint, taking them to be true.  See Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000).  Simmons began working as a Foreign Service Officer at the Department in September 2013.  See ECF No. 1 (Compl.), ¶ 34.  She was initially assigned to the American consulate in Ciudad Juarez, Mexico, id., and eventually found her way to serving as a Country Officer for the Overseas Citizen Services/American Citizen Services within the Agency's Bureau of Consular Affairs, where she remains.  Id., ¶ 77.

The Complaint alleges years of prior issues with the Department going back to 2011, thirteen years before the case at hand.  Id., ¶¶ 29–78.  The Court, however, need not parse this litany of grievances and will instead focus on the issues that led to this suit.  While she was serving in Ciudad Juarez, the Department evaluated Simmons's performance from May 29 through October 11, 2015.  Id., ¶ 35.  Unhappy with the resulting Employee Evaluation Report (EER), Plaintiff filed a grievance with State on July 3, 2018.  Id., ¶ 79.  She claimed, among other things, that the Report contained "falsely prejudicial language" and was "terribly unbalanced" and inaccurate.  Id.  She sought the redaction of certain statements in the Report as well as substitution of "different, more accurate language."  Id.  A few months later, the Department rejected Plaintiff's grievance, and she appealed the denial to the Foreign Service

Governance Board.  Id., ¶ 80.  The Department filed a motion to dismiss, but the FSGB denied

that motion.  Id.

In 2019, she and the Department came to an agreement regarding the relief she was

owed, and the latter moved again to dismiss her appeal on that basis.  Id., ¶ 81.  Simmons

opposed the motion, however, because the Department had not provided her with all the relief

she had sought.  Id.  In late 2019, the Board granted that motion "on the condition" that the

Department grant the relief it had promised.  Id., ¶ 82.  Although her appeal was dismissed,

Simmons nonetheless filed for attorney fees.  Id., ¶ 83.  Meanwhile, although State's motion

was granted, it nonetheless filed a motion for reconsideration, claiming that the Board had

mistakenly suggested that the relief State was to give Plaintiff was a mandatory order from the

Board, rather than a voluntary undertaking.  See ECF No. 12 (MTD) at 3.  What followed was a

dizzying succession of orders and further motions, which are at the center of this lawsuit.  The

Court shall organize them along four relevant dates.

A.  April 22, 2020

The Board issued two key orders on April 22, 2020.  See Compl., ¶ 85.  The first granted

the Department's motion for reconsideration.  Id.  The second affirmed the Board's prior

conditional dismissal of Plaintiff's grievance, id., while clarifying that it was "not hereby

directing the Department to take the actions it has offered to take" and that because "the

Department has offered all legally available relief as requested by [Simmons] regarding her

2016 EER[,] . . . there is no additional relief . . . that this Board can legally order."  ECF No. 12-

2 (Apr. 2020 MFR Order) at 12; see also Ute Indian Tribe of Uintah & Ouray Rsrv. v. U.S.

Dep't of Interior, 560 F. Supp. 3d 247, 255 (D.D.C. 2021) ("[T]he Court may take judicial

notice of publicly available records[.]").

B.  July 23, 2020

While the Board's April 22, 2020, order clearly implied that no party could file for attorney fees, less than a month later, Simmons filed a revised motion for fees.  See Compl., ¶ 86.  The Board denied this motion on July 23, 2020.  Id.

C.  September 16, 2022

A year later, still seeking relief that she believed had been promised to her, Plaintiff filed a motion to reassess the status of her grievance appeal.  Id., ¶ 95.  Simmons specifically claimed that the Department had failed to include "any evaluative material for 2020" in her file and that she had been denied a promotion as a result.  Id.  After assessing the remedies provided by the Department to Simmons, the Board denied her motion on September 16, 2022.  Id.

D.  April 12, 2023

Following this, Simmons filed another motion for reconsideration on December 14, 2022.  Id., ¶ 96.  On April 12, 2023, almost three years to the date from the initial grievance that started this saga, the Board entered a final order that, in pertinent part, stated:

> 1.) [Plaintiff's] Motion for Reconsideration is denied in its entirety and the case is now closed.
> 2.) The parties are enjoined from filing any motions, or otherwise-captioned filings.

Id.  This order, at last, brings us to this case.

Simmons's Complaint filed on October 10, 2023, contains five counts, the first of which asserts that the Board erred in granting the Department's motion for reconsideration on April 22, 2020.  Id., ¶¶ 98–102.  Counts II through V, meanwhile, focus on the Board's various denials of Plaintiff's motions.  Count II alleges that the Board erred in denying Simmons's revised motion for attorney fees on July 23, 2020.  Id., ¶¶ 103–07.  Counts III and IV take aim at the Board's order on Plaintiff's motion to reassess the status of her grievance appeal on

4

September 16, 2022, and the Board's order denying her motion for reconsideration on April 12, 2023. Id., ¶¶ 108–15. Finally, Count V alleges that the Board violated the APA and Plaintiff's Fifth Amendment due-process rights when it denied her an opportunity to file a renewed motion for attorney fees in its April 12, 2023, order. Id., ¶¶ 116–22. Simmons requests that this Court vacate the Board's five orders and provide her remedies such as a declaratory judgment naming her as the prevailing party entitled to attorney fees, as well as an injunction ordering the Department to give her backpay for her missed promotion and submit a redacted EER to the committee responsible for deciding on promotion and bidding privileges. Id. at 35–36.

Defendant has now moved to dismiss all five counts of the Complaint.

## II.    Legal Standard

State's Motion to Dismiss invokes Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). When a defendant files a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, the plaintiff generally "bears the burden of establishing jurisdiction by a preponderance of the evidence." Bagherian v. Pompeo, 442 F. Supp. 3d 87, 91–92 (D.D.C. 2020) (quoting Didban v. Pompeo, 435 F. Supp. 3d 168, 172–73 (D.D.C. 2020)); see Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992). The Court "assume[s] the truth of all material factual allegations in the complaint and 'construe[s] the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" Am. Nat'l Ins. Co. v. FDIC, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting Thomas v. Principi, 394 F.3d 970, 972 (D.C. Cir. 2005)).

To survive a motion to dismiss under Rule 12(b)(6), conversely, a complaint must "state a claim upon which relief can be granted." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 552 (2007). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6)

motion, id. at 555, "a complaint must contain sufficient factual matter, [if] accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  While a plaintiff may survive a Rule 12(b)(6) motion even if "recovery is very remote and unlikely," Twombly, 550 U.S. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)), the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level."  Id. at 555.

## III.   Analysis

Defendant first contends that the claims challenging the Board's September 16, 2022, decision and all earlier decisions (Counts I-II and Counts III-IV in part) are time barred.  In next seeking dismissal of the portions of the counts associated with the Board's April 12, 2023, order (Counts III-IV in part and Count V), the Department argues that this Court lacks jurisdiction to review Plaintiff's claims.  The Court will proceed through the causes of action in order.

### A.   Counts I and II

The Foreign Service Act provides, in relevant part, that "[a]ny aggrieved party may obtain judicial review of a final action of . . . the Board on any grievance in the district courts of the United States . . . if the request for judicial review is filed not later than 180 days after the final action of . . . the Board."  22 U.S.C. § 4140(a) (emphasis added).  Even though Counts I-II relate to 2020 decisions, State contends that for these counts, "the final action of the Board that triggers the 180-day filing period is the September 16, 2022, decision."  ECF No. 15 (Def. Reply) at 11; see also MTD at 11.  With the final action so framed, Simmons had to file her request for judicial review of that 2022 order and any prior decision by mid-March 2023, which she did not do.  See Def. Reply at 11; MTD at 12.

Plaintiff's response to this conclusion is difficult to parse.  At one point she appears to suggest that the April 12, 2023, denial of her motion for reconsideration is the relevant final action.  See ECF No. 14 (Opp.) at 28.  But she offers no argument in support of that position, and, as explained below, that decision is not reviewable.  See *infra* Part III.B-C.

Simmons otherwise argues that the filing of her motion for reconsideration on December 14, 2022, tolled the statute of limitations such that her suit here was timely since it was filed within 180 days of the ruling on the motion for reconsideration.  See Opp. at 28.  Tolling, however, pauses the clock on the statute of limitations; it does not restart it.  See U.S. v. Ibarra, 502 U.S. 1, 4 n.2 (1991) ("Principles of equitable tolling usually dictate that when a time bar has been suspended and then begins to run again upon a later event, the time remaining on the clock is calculated by subtracting from the full limitations period whatever time ran before the clock was stopped."); U.S. v. Saro, 252 F.3d 449, 454 (D.C. Cir. 2001) (citing Ibarra for this proposition); Pettaway v. Tchrs. Ins. & Annuity Ass'n of Am., 547 F. Supp. 2d 1, 7 (D.D.C. 2008) (same); McKinney v. U.S. Postal Serv., 2013 WL 164283, at *3 n.4 (D.D.C. Jan. 16, 2013) ("The typical statute of limitations normally begins to run at the point of accrual of the plaintiff's claim; the running of the period is interrupted and postponed by such phenomena as estoppel or tolling.") (citation omitted); see also Mashpee Wampanoag Tribal Council, Inc. v. Norton, 336 F.3d 1094, 1099 (D.C. Cir. 2003) (explaining that motions for reconsideration "stop the clock").

This means that the 180-day period to seek judicial review for the September 16, 2022, order ran for 88 days until December 14, 2022, when Simmons filed her motion for reconsideration.  See Compl., ¶ 96.  The clock then paused until the Board issued its decision on April 12, 2023, after which the clock ran for another 180 days until Simmons filed her

7

Complaint with the Court on October 10, 2023.  See id.  As 268 days elapsed between the September 16, 2022, order and the date this suit was brought (once the tolling is excluded), the Court finds that Counts I and II of Simmons's Complaint are time barred and may not proceed.

    B.  Counts III and IV

    Counts III and IV take aim at the Board's denial of Plaintiff's claims on September 16, 2022, and April 12, 2023.  Defendant maintains, as it did for the first two counts, that challenges to the former decision are time barred.  As just explained above, the Court agrees.  State also asserts that the Court does not have jurisdiction over challenges to the latter decision because it "does not fall within the narrow grounds on which such decisions are subject to judicial review."  MTD at 7.  Specifically, State contends that judicial review would be appropriate only if the former decision was reopened by the latter decision, and that did not occur.  Id. at 8.

    A court has jurisdiction over an APA suit challenging the agency's denial of a motion for reconsideration if the agency reopens the case when reviewing the motion.  See ICC v. Bhd. of Locomotive Eng'rs, 482 U.S. 270, 278 (1987) (establishing that if agency "reopens a proceeding for any reason and, after reconsideration, issues a new and final order setting forth the rights and obligations of the parties, that order — even if it merely reaffirms the rights and obligations set forth in the original order — is reviewable on its merits").  Whether the Board reopened the case in deciding Simmons's motion for reconsideration is the question the Court must resolve.

    Plaintiff asserts that this is precisely what occurred here.  See Opp. at 16.  Defendant counters that the April 12, 2023, order lacks a clear intention to reopen the case.  See Def. Reply at 4.  It bolsters this assertion by pointing out that the order simply reiterated that the case was closed and did so using the same language that was in the September 16, 2022, order.  Id.

Courts are clear that for a case to be characterized as reopened, there must be a clear intent on behalf of the agency to reopen it.  See Palacios v. Spencer, 906 F.3d 124, 128 (D.C. Cir. 2018) ("boilerplate language in summarily denying" reconsideration "falls far short of the clear indication of reopening required to review an agency's denial of reconsideration"); Sendra Corp. v. Magaw, 111 F.3d 162, 167 (D.C. Cir. 1997) ("Only 'when the agency has clearly stated or otherwise demonstrated' that it has reopened the proceeding will the resulting agency decision be considered a new final order subject to judicial review under the usual standards.") (citation omitted).  Plaintiff cites no portion of the April 12, 2023, order that explicitly states that the Board reopened the case or any other caselaw suggesting that the Court may so infer.  As a result, the Court is convinced that this lack of clear intention to reopen the case renders the order unreviewable.  It thus lacks jurisdiction to hear Counts III-IV to the extent that they challenge the April 12, 2023, order.

C.   Count V

This leads us finally to Count V.  That count alleges that the Board violated the APA and Plaintiff's Fifth Amendment due-process rights when it denied her an opportunity to file a renewed motion for attorney fees in its April 12, 2023, order.  See Compl., ¶¶ 116–22; see also Opp. at 17.  Defendant asserts that the Court cannot reach this issue because it does not have jurisdiction to review that order.  See MTD at 8–9.  While the Court has just found that to be so, Simmons asserts that even if the order did not reopen the case, the injunction in the order "explicitly denied Plaintiff of a right that she had to file a petition for attorney fees," thereby giving this Court jurisdiction.  See Opp. at 17.

The Supreme Court has stated that "administrative orders are not reviewable unless and until they impose an obligation, deny a right or fix some legal relationship as a consummation

of the administrative process." <u>Chicago & Southern Air Lines v. Waterman S. S. Corp.</u>, 333 U.S. 103, 111 (1948) (citations omitted) (emphasis added).  Our circuit continues to follow that hoary precedent.  <u>See</u> Opp. at 17 (citing <u>Meredith v. Fed. Mine Safety and Health Review Comm'n</u>, 177 F.3d 1042, 1047 (D.C. Cir. 1999) ("[A]n order will be considered final to the extent that it 'imposes an obligation, denies a right, or fixes some legal relationship, usually at the consummation of an administrative process.'") (citation omitted)); <u>Transwestern Pipeline Co. v. FERC</u>, 59 F.3d 222, 226 (D.C. Cir. 1995) (same); <u>State of Alaska v. FERC</u>, 980 F.2d 761, 763 (D.C. Cir. 1992) (same).

Defendant maintains that Plaintiff did not have any rights that were taken away by the April 12, 2023, order.  <u>See</u> MTD at 8–9.  It points out that existing Board rules preclude the filing of multiple motions for reconsideration and untimely motions without prior approval from the Board or exceptional circumstances.  <u>See</u> Def. Reply at 4 (citing Board Policies and Practices § 7.7 (Feb. 6, 2023), ECF No. 14-20, https://perma.cc/8F7T-7MQL).  Given the lack of such approval and no allegation of exceptional circumstances, Defendant argues, Simmons was denied no right when she was barred from filing further motions following the April 12, 2023, order.  <u>See</u> <u>id</u>. at 4–6.  As the Court concurs with that reasoning, it will dismiss Count V for lack of jurisdiction.

## IV.    Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss.  A separate Order to that effect will issue this day.

/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge


Date: <u>August 9, 2024</u>